IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01268-MSK-KLM

ERNEST WEST,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS;
CAPTAIN SCOTT, Sterling Corrections;
JOANN STOCK, Sterling Medical;
MR. ESTEP, CMRC Director;
MR. YOUNGBLOOD;
MR. YEATON, Unit Manager CMRC; and
MS. CALLWELL, CMRC Medical,

    Defendants.
_____

## ORDER DENYING MOTION TO DISQUALIFY
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion to Disqualify "Remove" Magistrate Judge Kristen L. Mix From Civil Action Number 09-01268-MSK** [Docket No. 21; Filed July 10, 2009] (the "Motion").  For the reasons stated below, the Motion is **DENIED**.

Pursuant to 28 U.S.C. § 455(a), a Magistrate Judge shall disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned."  In the Tenth Circuit, courts use a "reasonable person" standard in applying the statute.  *See, e.g.*, *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir. 1987); *see also United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) ("The standard is purely objective.  The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom.  In applying the test, the initial

inquiry is whether a reasonable *factual* basis exists to call the judge's impartiality into question.").

The purpose of the statue is not to provide litigants with "a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Cooley*, 1 F.3d at 993.  Moreover, "a judge has a strong duty to sit when there is no legitimate reason to recuse."  *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted).  "'[U]nsubstantiated suggestions, speculations [and] opinions[]' are insufficient to establish even the appearance of any bias, prejudice, or misconduct that would warrant judicial recusal."  *Carpenter v. Boeing Co.,* 456 F.3d 1183, 1204 (10th Cir. 2006) (citation omitted).

Plaintiff alleges that the Court committed judicial misconduct and therefore should be disqualified.  However, the only alleged instances of misconduct cited by Plaintiff are the Court's denial of his motions in a prior case and the Court's recommendation that the former case be dismissed.

There is no basis for concluding that my impartiality in this matter might reasonably be questioned.  Indeed, the Tenth Circuit has made clear that although recusal motions are frequently based upon speculation or beliefs, prior adverse rulings in the proceeding, and/or baseless personal attacks on the judge by a party, none of these circumstances warrants recusal.  *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . ").

Simply put, there is no reason why my impartiality might *objectively* or *reasonably* be questioned in this case. The allegations and accusations made in the Motion are

unsubstantiated.  My duty remains to hear the case as assigned.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.


Dated:  July 24, 2009

                                        BY THE COURT:


                                        s/ Kristen L.  Mix
                                        Kristen L.  Mix
                                        United States Magistrate Judge