IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01268-MSK-KLM

ERNEST WEST,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS;
CAPTAIN SCOTT, Sterling Corrections;
JOANN STOCK, Sterling Medical;
MR. ESTEP, CMRC Director;
MR. YOUNGBLOOD;
MR. YEATON, Unit Manager CMRC; and
MS. CALLWELL, CMRC Medical,

    Defendants.
_____

**ORDER DIRECTING PLAINTIFF TO MAKE
MONTHLY FILING FEE PAYMENT OR TO SHOW CAUSE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

On June 1, 2009, 2009, Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 [Docket No. 2]. Section 1915(b)(2) of 28 U.S.C. requires that a prisoner "shall make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," provided the prisoner's account exceeds $10.00. This provision requires the prisoner to make the payment at the time his account is credited, before the prisoner engages in other, discretionary spending. *Harris v. Colo. Dep't of Corr.*, No. 00-N-1066, 2000 WL 33193816, at *1 (D. Colo. Dec. 19, 2000).

In the Order granting plaintiff leave to proceed *in forma pauperis*, plaintiff was instructed to either make the required monthly payments or to show cause **each month**

why he has no assets and no means by which to make the monthly payment. In order to show cause, plaintiff was also directed to file a certified copy of his inmate trust fund account statement. Plaintiff was warned that a failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this civil action.

Despite the clear language of the June 1, 2009 Order, plaintiff has failed to comply with his filing fee obligations. Specifically, Plaintiff has failed to file any inmate trust fund account statements, pay any other portion of his filing fee, or show cause why he cannot. Therefore, on or before **September 21, 2009**, plaintiff must either make the total required monthly payments for June and July 2009 or show cause why he cannot.

28 U.S.C. § 1915(b)(2) requires that a prisoner "shall make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," provided that the prisoner's account exceeds $10.00. **This provision requires the prisoner to make the payment at the time his account is credited, before the prisoner engages in other, discretionary spending.** *Harris*, 2000 WL 33193816, at *1. While there is a $10.00 threshold built into the statute – i.e., when the account balance exceeds $10.00, or when the monthly deposits exceed $10.00, the prisoner is **required** to make a payment toward his filing fee – this does not mean that plaintiff is free to spend deposited funds as soon as they are deposited in order to reduce his account to a level below the $10.00 minimum. *See Losee v. Maschner*, 113 F. Supp. 2d 1343, 1352 (S.D. Iowa 1998). Plaintiff is further advised that making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment. *See Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (noting that "when a prisoner has sufficient income

to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments").

It is not acceptable for plaintiff to meet his monthly obligations only when specifically called upon by the Court through an order to pay or show cause. Such a procedure unreasonably burdens the Court. Consequently, hereafter I will require plaintiff, by the **15th day** of **each** month and without any further notice from or order of the Court, either to make the required monthly payment for each preceding month or to file a certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment. If plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, I will recommend that the case be dismissed for failure to comply with this Order and with the Order allowing plaintiff to proceed *in forma pauperis*.

IT IS HEREBY **ORDERED** that on or before **September 21, 2009**, Plaintiff shall make the required monthly payments or show cause why he has no assets and no means by which to make the full monthly payments for the months of June and July 2009. Plaintiff shall also submit an account statement for those months.

IT IS FURTHER **ORDERED** that by the **15th day** of **each** month hereafter, starting on September 15, 2009 for the month of August, Plaintiff shall either make the required monthly payment for the previous month or file a certified copy of his inmate trust fund account statement for that month demonstrating that he is not required pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment. Furthermore, if payment is made for the preceding month, in order to verify that the appropriate amount is being paid, the plaintiff

must file a certified copy of his trust fund account statement for that month. The civil action number should be noted on all payments as well as on any trust fund statements that are filed with the court.

IT IS FURTHER **ORDERED** that if plaintiff fails to comply with this order, the complaint and this civil action may be dismissed without further notice.

DATED: August 25, 2009.

                                              BY THE COURT:

                                              s/ Kristen L. Mix
                                              Kristen L. Mix
                                              United States Magistrate Judge